**Affirm and Opinion Filed April 19, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00761-CR**

**LAQUONCY DESHARD ELLIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 21-10841-86-F**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

Laquoncy Deshard Ellis appeals his conviction for evading arrest with a vehicle. Appellant entered a guilty plea to the offense, and a jury assessed punishment at thirty-eight years' confinement. In a single issue, appellant argues the trial court abused its discretion by allowing testimony during the punishment phase of trial concerning an unadjudicated extraneous offense to support an enhanced punishment. We affirm the trial court's judgment.

In November 2021, appellant was charged by indictment with evading arrest with a vehicle. At trial in July 2022, appellant entered a guilty plea, and the case

proceeded to a jury trial on punishment. Kaufman County sheriff's deputy William Kennedy testified he was conducting patrol just after midnight on September 9, 2021. Kennedy attempted to initiate a traffic stop of appellant's vehicle after observing appellant had a confirmed expired registration and "was swerving back and forth within the lane of traffic he was in." As soon as Kennedy, in his clearly marked police vehicle, turned on his lights, appellant sped up. Per policy, Kennedy requested and received authorization from his supervisor to begin a pursuit and, utilizing lights and siren, followed appellant at speeds in excess of a hundred miles per hour. During the chase, Kennedy observed appellant throw what appeared to be a gun and "two, possibly three bags of powder" out the passenger side window. The audio radio communications and visual dash cam recordings of the pursuit were published to the jury after being offered and admitted without objection. Appellant was detained and subsequently arrested after the vehicle came to a forced stop due to highway construction.

While pausing the dash cam video, the prosecutor elicited Kennedy's testimony that, after the pursuit, he learned he "had prior dealings with [appellant] a little bit before that." Specifically, Kennedy testified that "Terrell PD was involved with a pursuit" of appellant a "couple months before"; there was a "be on the lookout" for appellant, and Kennedy spotted him; and "Terrell PD attempted to stop [appellant] and he fled." Appellant did not object to this testimony and established, through limited cross examination, that this was the only prior direct dealing

Kennedy had with appellant. At the conclusion of the punishment phase, the jury sentenced appellant to thirty-eight years' confinement. This appeal followed.

In a single issue, appellant argues the trial court abused its discretion by allowing Kennedy to testify "that he suspected the [appellant] committed another extraneous offense and bad act without the support of even an arrest warrant" and asserts Kennedy's testimony did not "meet the standard of evidence beyond a reasonable doubt."

To preserve a complaint for our review, a party must first present "to the trial court a timely request, objection, or motion" stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). In fact, almost all error—even constitutional error—may be forfeited if the appellant failed to object. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). Because appellant did not raise his objection to Kennedy's testimony at trial, he presents nothing for this Court to review. *See* TEX. R. APP. P. 33.1(a)(1).

Even if we were to address appellant's argument that Kennedy's testimony did not establish Kennedy's "prior dealings" with appellant relative to the prior pursuit, we review rulings on the admissibility of evidence under an abuse of discretion standard. *Allridge v. State*, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991). We will find a trial court's ruling on the admissibility of evidence to be reversible error when the court acts without reference to any guiding principles and appellant has been harmed. *See* TEX. R. APP. P. 44.2(b); *Solomon v. State*, 49 S.W.3d 356,

365 (Tex. Crim. App. 2001); *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Because the erroneous admission of evidence does not rise to the level of constitutional error, we look only to see if an appellant's substantial rights have been affected in determining whether an appellant has been harmed by such evidence. *See King v. State*, 953 S.W.2d 266, 271–73 (Tex. Crim. App. 1997). In making this determination, we consider the entire record, including the nature of the evidence supporting the verdict, and the character of the error and its relationship to other evidence. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). We also may consider the parties' trial theories, the court's instructions to the jury, and the parties' closing arguments. *Id.* We will find the error to be harmless when the record provides us a "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon*, 49 S.W.3d at 365 (citation omitted).[1]

Appellant's complaint is that Kennedy's testimony did not "meet the standard of evidence beyond a reasonable doubt." The jury charge at punishment instructed the jurors as follows:

> The defendant is on trial solely on the charge contained in the indictment. The State has introduced into evidence acts other than the one charged in the indictment. With reference to those other acts, if any, you are instructed that said evidence was admitted only for the purpose of assisting you, if it does, in determining the proper punishment to be assessed against the defendant for the offense charged in the indictment. You cannot consider said testimony or evidence for any purpose unless you find beyond a reasonable doubt that the

---

[1] In reviewing the entire record, we note that appellant stipulated to the enhancement paragraphs for felony assault and felony DWI. In addition, evidence was offered relative to ten prior convictions, admitted without objection and published to the jury.

defendant committed such other act or acts, if any were committed. If you so find beyond a reasonable doubt, you can consider the evidence only for the purpose allowed and for no other purpose.

Article 37.07, section 3(a) of the code of criminal procedure provides that the jury, at the punishment phase, may consider extraneous offenses committed by the defendant if the court deems them relevant to sentencing and the jury finds beyond a reasonable doubt that the defendant committed the extraneous offenses. TEX. CODE CRIM. PROC. ART. 37.07(3)(a). Absent contrary evidence, we presume jurors understood and followed the trial court's instructions in the jury charge. *Taylor v. State*, 332 S.W.3d 483, 492 (Tex. Crim. App. 2011).

Here, appellant entered a guilty plea to the charged offense, and the charge at punishment instructed the jury to find appellant guilty. To the extent the trial court permitted Kennedy's testimony concerning his "prior dealings" with appellant, including Kennedy's testimony that appellant "fled" from Terrell police, the charge instructed the jury not to consider testimony or evidence of acts other than the charged offense for any purpose unless the jury found beyond a reasonable doubt that appellant committed such other act or acts. Appellant has not rebutted the presumption that the jury followed the trial court's instructions in this regard. *See id.* Based upon the entire record before us and the nature of the unobjected-to prior convictions, we conclude appellant's substantial rights were not affected by the admission of Kennedy's testimony. *See King*, 953 S.W.2d at 271–73. We overrule appellant's single issue.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein//
220761f.u05                                          BONNIE LEE GOLDSTEIN
Do Not Publish                                       JUSTICE
Tᴇx. R. Aᴘᴘ. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAQUONCY DESHARD ELLIS,
Appellant

No. 05-22-00761-CR　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial
District Court, Kaufman County,
Texas
Trial Court Cause No. 21-10841-86-
F.
Opinion delivered by Justice
Goldstein. Justices Molberg and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 19th day of April, 2024.